Scott McKay (ISB#4309)
NEVIN, BENJAMIN, McKAY & BARTLETT LLP
303 West Bannock
P.O. Box 2772
Boise, ID  83701
(208) 343-1000
(208) 345-8274 fax
smckay@nbmlaw.com

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, MA  01760
Telephone: (508) 655-1415
mmccue@massattorneys.net

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

## EASTERN DIVISION

| | |
|---|---|
| LIVEFREE EMERGENCY RESPONSE, INC., a Delaware Corporation,<br><br>           Plaintiff,<br><br>     v.<br><br>DIANA MEY,<br><br>           Defendant. | Civil Action No. 4:17cv00301-BLW<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

Defendant Diana Mey respectfully submits the following memorandum of points and authorities in support of her Motion to Dismiss for Lack of Personal Jurisdiction pursuant to District of Idaho Local Civil Rule 7.1 and Federal Rule of Civil Procedure 12(b)(2).

**SUMMARY OF MOTION**

Plaintiff Livefree Emergency Response, Inc. ("Livefree"), is a corporation based in Idaho with a principal office located at 901 Pier View Drive, Suite 206, Idaho Falls, Idaho 83402. The Defendant, Diana Mey, is a consumer who resides in West Virginia. On July 17, 2017, Ms. Mey removed the underlying complaint filed against her by Livefree to this Court. Ms. Mey now moves this Court to dismiss the case for lack of personal jurisdiction.

**FACTUAL BACKGROUND[1]**

Ms. Mey is a West Virginia consumer who has long been inundated with illegal telemarketing calls, despite the fact that all of her phone numbers are listed on the Do Not Call Registry. Livefree is a manufacturer of "life alert" pendants that are worn around the neck or wrist and can be used to summon assistance in an emergency. *See www.lifebeacon.com*. In order to sell its goods and services to the public, Livefree contracts with telemarketers, including but not limited to Medwatch USA ("Medwatch"), a New York based entity. *See www.medwatchusa.com*. Medwatch markets the pendant to the public and then charges a monthly monitoring fee to consumers who agree to purchase the services of Livefree and Medwatch. Upon information and belief, Livefree and Medwatch are members of a joint venture to sell Livefree's goods and services to the public.

On March 22, 2017, Ms. Mey received a computer-generated, autodialed call from a Medwatch representative promoting goods and services offered by both Medwatch and LiveFree. After a several second pause, a sales representative named "Chris" informed Ms. Mey that her

---

[1] The following facts are detailed in the attached Declaration of Diana Mey.

phone number had been "nominated" by Medwatch to "get a free medical alert system." Specifically, Ms. Mey was offered a medical pendant that is worn around the neck and can summon help in the event of an emergency. Ms. Mey was then informed that the "free" pendant she had been "nominated" for could only be used if she paid a "monitoring" fee. The entity that would purportedly "monitor" the pendant was Medwatch. Ms. Mey was informed on the call that the pendant being offered was manufactured by Life Beacon, which Ms. Mey subsequently identified as a trade name used by LiveFree. The call was made to Ms. Mey's cellular telephone, 304-242-XXXX, which has been on the National Do Not Call List for a number of years. The number displayed on the Plaintiff's caller ID was 262-244-8838.[2] In order to identify the parties behind the call in question, Ms. Mey feigned interest in purchasing the product. Only after Ms. Mey indicated an interest in making a sale did the sales representative who had previously identified himself as "Chris" admit that his name was actually Deacon Frost. Ms. Mey has no relationship with any of the defendants and did not consent to receive the call at issue.

On May 18, 2017, Ms. Mey wrote to the principal of Livefree, Joshua Chandler, and informed him of the call at issue and that the call was violative of the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA").[3] Mr. Chandler responded denying

---

[2] Consumer complaint web sites reveal other complaints from consumers relating to similar harassing telemarketing calls originating from this same number. *See* http://800notes.com/Phone.aspx/1-262-244-8838; http://findwhocallsyou.com/(262)244-8838.

[3] The TCPA categorically bans persons and entities from initiating telephone calls using an automated telephone dialing system (or "autodialer") to any telephone number assigned to a cellular telephone service. *See* 47 C.F.R. § 64.1200(a)(1)(iii); *see also* 47 U.S.C. § 227(b)(1). The TCPA provides a private cause of action to persons who receive calls in violation of these provisions. *See* 47 U.S.C. §§ 227(b)(3), (c). A seller of goods or services can be liable for TCPA violations even if the seller does not directly place or initiate the calls. Regulations of the Federal Communication Commission ("FCC") "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See Rules and Regs. Implementing the Telephone Consumer Prot. Act of 1991*, Mem. and Order, 10 FCC Rcd.

any liability because Livefree did not physically dial the call. On June 13, 2017, Ms. Mey wrote again, informing Mr. Chandler that Livefree could be vicariously liable for the illegal call at issue, even if that call was physically dialed by Medwatch. In response, Livefree filed a pre-emptory declaratory judgment lawsuit against Ms. Mey seeking a declaration from an Idaho state court that Livefree could not be liable for the call because it did not physically dial the call at issue.

As set forth in the attached declaration of Diana Mey, Ms. Mey has no meaningful contacts with the forum state of Idaho. Ms. Mey has never lived in Idaho and has never done business in Idaho. In fact, the only time she has ever been to Idaho is when she accompanied her husband on a business trip and visited one of his employer's facilities in Pocatello.

## LAW AND ARGUMENT

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to seek the dismissal of a complaint on the ground that the forum court lacks personal jurisdiction over the defendant. The party seeking to invoke a federal court's jurisdiction bears the burden of proving it. *Pebble Beach Company v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). When reviewing a motion to dismiss for lack of personal jurisdiction, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Western Center for Journalism v. Cederquist*, 235 F.3d 1153, 1154 (9th Cir. 2000). While the court must

---

12391, 12397 ¶ 13 (1995). The FCC affirmed this principle in 2013, when it explained that "a seller …. may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *See In the Matter of the Jt. Pet. filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6574 (2013).

review the motion in the light most favorable to the non-moving party, the court may not assume the truth of allegations in a pleading which are contradicted by affidavit. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011). Where pertinent facts bearing on the question of personal jurisdiction are controverted, a more satisfactory showing of facts is necessary to establish jurisdiction. *See Bellagio, LLC v. Bellagio Shores, Inc.*, 571 Fed. Appx. 619, 620 (9th Cir. 2014).

There are two types of personal jurisdiction: general and specific. *Daimler AG v. Bauman*, 134 S.Ct. 746, 758 (2014). General personal jurisdiction arises when a defendant has connections with the forum state that are "so continuous and systematic as to render [it] essentially at home in the forum State, i.e., comparable to a domestic enterprise in that State." *Id.* "Specific jurisdiction, on the other hand, depends on an affiliation[n] between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotations and citations omitted). "In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Id.*

### A. This Court Does Not Have General Personal Jurisdiction Over Ms. Mey.

In order to assert that general jurisdiction exists over a defendant, there must be sufficient facts to show that the defendant is "essentially at home" in the forum state. *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1331 (9th Cir. 1984). As explained in the attached declaration, Ms. Mey is a West Virginia consumer with virtually no connection to Idaho and, as such, is not subject to general jurisdiction in Idaho.

### B.  This Court Does Not Have Specific Personal Jurisdiction Over Ms. Mey.

Courts in the Ninth Circuit apply a three-part test to assess whether a defendant has sufficient contacts with the forum state to support the exercise of specific personal jurisdiction. First, a non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.  Second, the claim must be one which arises out or relates to the defendant's forum related activities.  Third, the exercise of jurisdiction must comport with fair plan and substantial justice; *i.e.* it must be reasonable.  *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015).

#### 1.  Ms. Mey Did Not Avail Herself to Jurisdiction In Idaho Merely By Sending Demand Correspondence to Livefree

Generally speaking, the "purposeful availment" element is satisfied where (1) defendant committed a wrongful, intentional act (2) expressly aimed at the forum state, (3) causing harm that defendant knew or should have known was likely to be suffered in the forum state. *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 678-79 (9th Cir. 2012).

In this case, Ms. Mey received an illegal telemarketing call at her home in West Virginia. Her investigation tied that call to Livefree in Idaho.  It is undisputed that Ms. Mey then wrote to Livefree in Idaho placing them on notice of the illegal telemarketing call, setting forth the reasons why the call was illegal, and making a demand for settlement.  Ms. Mey did not commit any wrongful, intentional act expressly aimed at Idaho that caused harm to anyone.  She merely wrote two letters to LiveFree placing it on notice of its illegal conduct and seeking a remedy.

In this regard, courts across the Ninth Circuit have uniformly recognized that merely writing a letter to a defendant in a forum state advising the recipient of a violation of law and

6

seeking relief does not, in and of itself, establish personal jurisdiction over the sender of the letter." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1208 (9th Cir. 2006). In this regard, the Ninth Circuit follows the leading case on this issue from the Federal Circuit. *See id.* (citing *Red Wing Shoe Co. v. Hockerson–Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998) ("A patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement."); see also *Orbital Publ'g Grp., Inc. v. Wells*, 2015 WL 13237232, at *5 (D. Or. Dec. 21, 2015) ("The Court notes that cease and desist letters facilitate dispute resolution outside of court. . . . A claimant would have little incentive to notify its adversary of legal issues prior to filing suit, if such notice was enough to expose the claimant to jurisdiction in the adversary's home state."). As the Ninth Circuit has explained, "[t]here are strong policy reasons to encourage cease and desist letters. They are normally used to warn an alleged rights infringer that its conduct, if continued, will be challenged in a legal proceeding, and to facilitate resolution of a dispute without resort to litigation. *If the price of sending a cease and desist letter is that the sender thereby subjects itself to jurisdiction in the forum of the alleged rights infringer, the rights holder will be strongly encouraged to file suit in its home forum without attempting first to resolve the dispute informally by means of a letter.*" *Yahoo!*, 433 F.3d. at 1208 (emphasis added).

As it is undisputed that Ms. Mey's only connection with respect to the State of Idaho is that she wrote letters to Livefree advising it of the illegal telemarketing call at issue and seeking statutory relief, Livefree has failed to allege facts that suggest that Ms. Mey purposefully availed herself of the privilege of transacting business in Idaho.

## 2. A Finding Of Personal Jurisdiction Over Ms. Mey Under These Circumstances Would Be Unreasonable, Unfair and Contrary to Public Policy

Finally, in determining whether the exercise of personal jurisdiction would be reasonable, the Court must consider the following factors: (1) the extent of defendant's "purposeful interjection"; (2) the burden on defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985). The weaker a plaintiff's showing of purposeful availment and relatedness (*i.e.* the degree to which plaintiff's harm arises out of defendant's forum-related contacts), the less defendant need show to establish unreasonableness. *Id.* at 477.

Here, as indicated above, Livefree cannot demonstrate that Ms. Mey purposefully availed herself of the privilege of conducting activities in the forum and cannot articulate any harm that has arisen out of Ms. Mey's contacts with the forum state. As such, Ms. Mey's burden in demonstrating that the exercise of personal jurisdiction would be unreasonable is extraordinarily low. Further, it would be contrary to long established case law, and contrary to public policy, to find personal jurisdiction over a defendant whose only connection to the forum state was an effort to notify an adversary of a legal dispute and to seek a settlement. Similarly, it would be contrary to public policy to allow an entity allegedly engaged in illegal telemarketing to file a pre-emptory attack on an aggrieved consumer by requiring that consumer to defend a low-value consumer privacy claim on the other side of the United States. Finally, Ms. Mey intends to file suit against Livefree in the United States District Court for the District of West Virginia. Accordingly, Livefree will have a fair forum to set forth any defenses it may chose as to the

claims of Ms. Mey.

## CONCLUSION

For all of these reasons, the litigation of this matter in Idaho, under these circumstances, would be unreasonable and the underlying complaint pre-emptively filed by Livefree against Ms. Mey should be dismissed.

DATED this 24th day of July, 2017.

Respectfully submitted,

NEVIN, BENJAMIN, McKAY & BARTLETT LLP


 /s/ Scott McKay
        Scott McKay

THE LAW OFFICE OF MATTHEW P. MCCUE


 /s/ Matthew P. McCue
        Matthew P. McCue

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of July, 2017, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

JOSHUA K. CHANDLER, ISB #7756
3411 Hawthorne Road
Pocatello, Idaho 83201
Telephone (208) 238-368l
Facsimile (208) 643-9952
josh.chandler@lifebeacon.com


　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　Scott McKay